UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

NORMAN CASTILLO PANAMENO,

          Petitioner,          Case No. 1:21-cv-935

v.                                  Honorable Paul L. Maloney

DAVID ORTIZ,

          Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a federal prisoner under 28 U.S.C. § 2241. A court must promptly order an answer or grant the writ under § 2241, "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. After undertaking the review required by § 2243, the Court concludes that the petition must be dismissed, because Petitioner fails to demonstrate entitlement to relief under § 2241 because his claims do not fall within the savings clause of 28 U.S.C. § 2255(e).

**Discussion**

**I.    Background**

Petitioner Norman Castillo Panameno is incarcerated with the Federal Bureau of Prisons at the North Lake Correctional Facility in Baldwin, Michigan. Petitioner pleaded guilty in the United States District Court for the Middle District of Florida to one count of conspiracy to possess with intent to distribute 5 or more kilograms of cocaine. *United States v. Panameno*, No. 8:18-cr-25 (M.D. Fla.) (Plea Agreement, Doc. 38). The facts he admitted as part of the plea agreement reveal that it was a lot more than 5 kilograms:

> On December 30, 2017, a maritime patrol aircraft detected a low-profile go-fast vessel in the international waters of the Eastern Pacific Ocean, approximately 150 nautical miles north of Darwin Island of the Galapagos Islands, Ecuador. The United States Coast Guard Cutter STRATTON diverted course and deployed two small boats with United States Coast Guard boarding teams onboard to conduct a right-of-visit (ROV) boarding.
>
> The boarding teams observed four people onboard the vessel. The defendant, Norman Castillo Panameno, and co-defendants Jose Jacob Portocarrero Montano and Ramon Uriel Lizarraga Verdugo, were crewmembers onboard the vessel. Co-defendant, Jorge Yamil Mayorga Florez, was the master of the vessel, and made a claim of Colombian nationality for the vessel and himself. The vessel was not flying a flag. There were no registration documents onboard the vessel.
>
> The Government of Colombia was unable to confirm or deny nationality of the vessel. The vessel was therefore treated as one without nationality and subject to United States jurisdiction. During the course of the boarding, the boarding team discovered forty-two (42) packages of cocaine onboard, with a total weight of 1,561 kilograms. The vessel was sunk as a hazard to navigation.
>
> Post-Miranda, the defendant, Norman Castillo Panameno, admitted, among other things, that he had conspired with the codefendants and others to distribute and possess with intent to distribute the cocaine that was onboard the vessel, which was in excess of five (5) kilograms.

*United States v. Panameno*, No. 8:18-cr-25 (M.D. Fla.) (*Id.*, PageID.92–93). Petitioner was sentenced to 135 months' imprisonment.

Petitioner was housed at Fort Dix when, about two years ago, he filed in the trial court a motion challenging the subject matter jurisdiction of the court. *United States v. Panameno*, No. 8:18-cr-25 (M.D. Fla.) (Pet'r's Mot., Doc. 95). The court denied the motion because it was improper. "Absent an appeal, Section 2255 of Title 28 is the exclusive remedy for challenging a conviction and sentence unless the remedy is 'inadequate' or 'ineffective' under Section 2241." *United States v. Panameno*, No. 8:18-cr-25 (M.D. Fla.) (Order, Doc. 97, PageID.479). The court directed Petitioner to seek relief under § 2255.

In response, Petitioner renewed his challenge to subject matter jurisdiction, but instead of complying with the court's direction, Petitioner specifically stated that his request for

relief was **_not_** filed under § 2255.  The court initially entered an order transferring the matter to a new civil action under § 2255, *United States v. Panameno*, No. 8:18-cr-25 (M.D. Fla.) (Order, Doc. 100), but later superseded that order and addressed Petitioner's motion as a motion under Federal Rule of Civil Procedure 60(b)(4), *United States v. Panameno*, No. 8:18-cr-25 (M.D. Fla.) (Order, Doc. 101), and denied relief because the facts Petitioner admitted in connection with his plea foreclosed the jurisdictional argument he raised.

Petitioner then filed a petition under 28 U.S.C. § 2241 in the United States District Court for the District of New Jersey—the district where he was held in custody—raising the same subject matter jurisdiction argument that the trial court has rejected.  Petitioner failed, however, to pay the filing fee or to seek leave to proceed *in forma pauperis*, so the New Jersey court administratively closed the case pending Petitioner's remedy of that deficiency.  After Petitioner filed the case, but before he received the court's notice of deficiency, he was transferred to North Lake.  He never received the order.

Last month, Petitioner corrected the deficiency.  He paid the fee and filed an amended petition—again raising the already-rejected subject matter jurisdiction argument.  The New Jersey court transferred the amended petition here, because Petitioner is housed in this district.

**II.     Analysis**

A claim that a federal prisoner "was convicted in the absence of subject matter jurisdiction . . . challeng[es] the legality of his sentence and not its execution." *Georgacarakos v. Ormond*, 697 F. App'x 443, 445 (6th Cir. 2017).  Ordinarily, a federal prisoner must challenge the legality of his detention by motion under 28 U.S.C. § 2255 but may challenge the manner or execution of his sentence under 28 U.S.C. § 2241.  *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016) (citing *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)).  However, a prisoner

3

may also challenge the legality of his detention under § 2241 if he falls within the "savings clause" of § 2255, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis added); *Peterman*, 249 F.3d at 461. Thus, through the § 2255 "savings clause" vehicle, a petitioner may seek habeas relief under § 2241 where he can show that § 2255 provides an "inadequate or ineffective" means for challenging the legality of his detention.

The Sixth Circuit repeatedly has held that "'[t]he circumstances in which § 2255 is inadequate and ineffective are narrow.'" *Hill*, 836 F.3d at 594 (quoting *Peterman*, 249 F.3d at 461). As the court explained in *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999), "[t]he remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255." *Id.* at 758 (citations omitted). Section 2255 "is not 'inadequate or ineffective' merely because habeas relief has previously been denied, a § 2255 motion is procedurally barred, or the petitioner has been denied permission to file a successive motion.'" *Hill*, 836 F.3d at 594. Instead, the savings clause applies only where the petitioner also demonstrates "actual innocence," *Peterman*, 249 F.3d at 461–62; *Charles*, 180 F.3d at 757, or "'a subsequent, retroactive change in statutory interpretation by the Supreme Court,'" *Hueso v. Barnhart*, 948 F.3d 324, 332 (6th Cir. 2020) (quoting *Hill*, 836 F.3d at 599–600).

The standard for demonstrating actual innocence, either directly or due to the Supreme Court's interpretation of a statute, is exceedingly high and "ensures that [a] petitioner's case is truly 'extraordinary . . . .'" *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)). "'To establish actual innocence'" for the purposes of § 2255(e), a "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no

4

reasonable juror would have convicted him.'" *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Yet, as both the Supreme Court and Sixth Circuit have made clear, "actual innocence means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623–24; *accord Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012).

The Sixth Circuit has concluded that a challenge to subject matter jurisdiction does not "set forth a claim of actual innocence . . . ." *Georgacarakos*, 697 F. App'x at 445. Petitioner does not claim "a subsequent, retroactive change in statutory interpretation by the Supreme Court" that might warrant relief. Accordingly, Petitioner is not entitled to bring his § 2241 challenge. This Court does not have subject matter jurisdiction over the challenge Petitioner has raised.

## Conclusion

The Court will enter a judgment dismissing the petition.[1]


Dated:   November 29, 2021                    /s/ Paul L. Maloney
                                                                        Paul L. Maloney
                                                                        United States District Judge

---

[1] In § 2241 cases, the Court need not address whether to grant a certificate of appealability. *Witham v. United States*, 355 F.3d 501 (6th Cir. 2004).